IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

MICHAEL CALABRO

VS.

NO. 8:19-CV-02433
JURY TRIAL DEMANDED

CASTLE LAW GROUP
CASTLE MARKETING GROUP
JUDSON PHILLIPS

JAN 07 2021

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**REPLY BRIEF IN RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

## Table of Contents

| | |
|---|---:|
| **Table of Contents** | Page 2 |
| **Table of Authorities** | Page 3 |
| **Reply** | Page 4 |
| **Jurisdiction Argument** | Page 5 |
| **Venue Argument** | Page 8 |
| **Failure To State A Claim Argument** | Page 9 |
| **Forum Selection Clause Argument** | Page 11 |
| **Arbitration Argument** | Page 12 |
| **Conclusion** | Page 13 |
| **Engagement Agreement.** | Exhibit A |

## Table of Authorities

**Cases**
Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643 (4th Cir. 2010)..........................12
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)..................................................................9
Bahn v. Chicago Motor Club Ins., 98 Md. App. 559, 634 A.2d 63, 67. ..............................6
Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989)..........................................................7
Giannaris v. Cheng, 219 F.Supp.2d 687, 692–93 (D.Md.2002) .........................................7
McCleary-Evans v. Maryland Dept. of Transp., 780 F. 3d 582 - Court of Appeals, (4th
   Cir. 2015..................................................................................................................9
 Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396-97 (4th
   Cir.2003) ................................................................................................................7
Washington Square Sees., Inc. v. Aune, 385 F.3d 432, 435-36 (4th Cir.2004) ...............13

**Statutes**
28 U.S.C. § 1391(b) ........................................................................................................8

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

**MICHAEL CALABRO**

**VS.**                                    **NO. 8:19-CV-02433**
                                            **JURY TRIAL DEMANDED**

**CASTLE LAW GROUP**
**CASTLE MARKETING GROUP**
**JUDSON PHILLIPS**

## REPLY BRIEF IN RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Comes now Judson Phillips[1] and offers this reply to the Plaintiff's motion in opposition to Phillips' motion to dismiss or compel arbitration.

### I.    THIS COURT LACKS JURISDICTION OVER PHILLIPS

As mentioned in the original Motion to Dismiss, the complaint in this matter is mostly silent as to Phillips. There are some vague, conclusory allegations that are offered without any substantiation, such as Phillips was practicing law in Maryland.[2]

While the plaintiff points out that the court should construe all relevant allegations in the light most favorable to the plaintiff and draw the most favorable inferences for the

---

[1] Judson Phillips is making a special appearance in this matter to contest the Court's personal jurisdiction in this matter.

[2] Page 4 of the complaint.

5

existence of jurisdiction; the Court is not required to abandon logic or common sense in evaluating the claims.

What the plaintiff claims in the complaint is that he was searching online for help to get out of his timeshare and out of the blue, this company called Battlefield Research and Consulting calls him

Out of approximately 330,000,000 people in this country, miraculously, he receives a call. Since the odds of winning the Powerball lottery are about 1 in 290,000,000, he literally has a greater chance to win the lottery than receive a call out of the blue.

The only plausible inference that can be drawn from the facts is that the Plaintiff solicited a callback.

If the plaintiff requests a call from an out of state company, and that company calls the client back, they do not trigger the jurisdiction of the state of Maryland.

The plaintiff claims that after the contact with Battlefield research and consulting, somehow the plaintiff ended up at Castle Marketing and ultimately with Castle Law Group.

What the plaintiff fails to articulate is any theory or facts that could allow the plaintiff to pierce the corporate veil of a Tennessee corporation to try and include someone who may possibly be an employee, officer, or shareholder.

The plaintiff cited the Bahn case, which expressly stated that "This provision requires the defendant to conduct actions which "culminate in purposeful activity within the state." Bahn v. Chicago Motor Club Ins., 98 Md. App. 559, 634 A.2d 63, 67.

The plaintiff has not articulated a single fact that shows Phillips engaged in any purposeful activity within Maryland. Plaintiff also ignores Supreme Court Precedent on this subject, as Phillips pointed out in the Motion to Dismiss. The Plaintiff argues Costar Realty Information Inc v. Field, 612 F.Supp.2d 600 (D.Md.2009) In that case, the plaintiff was trying to insist on Maryland jurisdiction based among other things, on a forum selection clause.

The Plaintiff also ignores what the Supreme Court has said on this matter.

"The defendant's actions must be directed at the forum state in more than a random, fortuitous, or attenuated way." See Burger King, 471 U.S. at 475, 105 S.Ct. at 2183-84; Keeton, 465 U.S. at 774, 104 S.Ct. at 1478; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 299, 100 S.Ct. 559, 568, 62 L.Ed.2d 490 (1980). The whole path from Plaintiff's initial contact through Battlefield Consulting, through Castle Marketing, through Castle Law to Phillips, is fortuitous or attenuated, at best.

And, as Phillips pointed out in that motion, the plaintiff has the burden of proof to show a prima facia case showing jurisdiction and then must prove jurisdiction by a preponderance of the evidence. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989), and Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396-97 (4th Cir.2003).

Plaintiff cites Giannaris v. Cheng, 219 F.Supp.2d 687, 692–93 (D.Md.2002) claiming Maryland law supports jurisdiction on the basis of a non-resident defendant initiating a business relationship with the forum resident. First, there is nothing in the Plaintiff's complaint or response that says or even suggests that Phillips initiated the

business relationship. Perhaps most importantly, In Giannaris, the defendants visited the plaintiff in Maryland. Not only did they travel to Maryland, but they did so to solicit funds for a business venture. In this case, there are no facts alleged, nor is it even in dispute, that Phillips never visited Maryland.

## II The proper venue is Tennessee.

The proper venue for any litigation arising from this dispute is Tennessee. The pin that the plaintiff hinges his case on is the claim that he received an unsolicited call. As previously mentioned, the plaintiff admits he was searching on the Internet for help to get out of his timeshare contract. And out of 330 million people, an unsolicited call just happens to come to him?

While the Court may be required to view inferences favorable to the plaintiff, it does not require the Court to abandon logic and common sense.

If the plaintiff requested a call from Battlefield Research and Consulting, in another state, then there is no venue that could be proper in Maryland. Even if Battlefield Research and Consulting called the Plaintiff, the proper venue would still be Tennessee. Again, quoting 28 U.S.C. § 1391(b), the proper venue is:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

8

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Again, it is beyond dispute that Phillips lives in Tennessee, the events occurred in Tennessee. Castle Law was a Tennessee Corporation. Castle Marketing either is or was a Tennessee LLC. The only way Maryland could have jurisdiction would be if there is no district in which the action could be brought. Clearly, this action could be brought in Tennessee.

Additionally, the choice of venue provision is what controls and that places any jurisdiction in the State of Tennessee.

### III Failure to state a claim under Rule 12(b)(6)

Under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), that a complaint must rise to a standard of plausibility. Plaintiff claims they may discover something that helps them in discovery, but those were exactly the reasons why Twombly and Iqbal were decided. In McCleary-Evans v. Maryland Dept. of Transp., 780 F. 3d 582 - Court of Appeals, (4th Cir. 2015), the Court specifically mentioned this, stating, "Moreover, Iqbal and Twombly articulated a new requirement that a complaint must allege a plausible claim for relief, thus rejecting a standard that would allow a complaint to "survive a motion to dismiss whenever the

9

pleadings left open the possibility that a plaintiff might later establish some `set of [undisclosed] facts' to support recovery."

Again, other than sending one letter, in response to an inquiry from the Plaintiff, the plaintiff literally cites nothing that Phillips specifically did other than sending that letter. Further, Plaintiff does not articulate a single theory, fact, or action that would allow the Plaintiff to pierce the corporate veil and sue Phillips personally.

Plaintiff claims that the refusal to refund the Plaintiff's fee was a violation of the CROA because the refund was allegedly requested immediately. The email requesting a refund (Exhibit B to Plaintiff's complaint) shows the request for a refund did not take place until December 19, 2017.

Additionally, the contract signed states that any refund would be given after 18 months if there was no offer to get the plaintiff out of his timeshare. As noted in the letter sent to the plaintiff on December 19, 2017, the defendant had refused to cooperate with the firm and had not provided documentation the firm needed to proceed.

The plaintiff states in his response that "On information and belief," Phillips and Castle Law approached customers wanting services related to contracts with Diamond Resorts. This clearly missed the Iqbal and Twombly standards. "On information and belief" does not even meet the standard of speculative. The plaintiff simply does not know and is simply making a guess. Under Iqbal and Twombly and their progeny, the claim must fail.

On at least two occasions in the response, the plaintiff says, regardless of the merits of Phillips' motion, they want to take discovery to determine if there is any

evidence. This is a tacit admission that the response and the complaint fail the Iqbal and Twombly standards.

Further, Plaintiff has never explained, in his complaint or response how Phillips is even a proper party in this litigation. Castle Law is a Corporation. Castle Marketing is an LLC. Battlefield Research and Consulting, may or may not be a corporation. There is nothing in the Plaintiff's pleadings that state whether it is or isn't. Interestingly, Battlefield and its owners or officers are not listed as Defendants. While Castle Marketing is listed as a defendant, none of its members or officers have been named.

Plaintiff has not offered a single theory as to why Phillips is even named in this lawsuit. Plaintiff has not offered a theory as to why Phillips is not protected by the Corporate Veil doctrine.

In short, neither the complaint nor the response offers a theory as to why Phillips can be even named in this litigation, much less be personally liable under any of the causes of action.

III Forum Selection Clause

Plaintiff claims in his response, that Phillips engaged in no analysis that requires disputes resolved in Tennessee. None is needed. Ignoring 28 U.S.C. § 1391(b), there is mandatory language in the forum selection clause. The word "will" is used. The word will is not permissive.

Section 7 of the Engagement Agreement clearly states the entire agreement is to be governed under Tennessee law and, "Any and all disputes will be resolved in the

State of Tennessee." This is not permissive language. This is mandatory language that precludes litigation in another forum. Interestingly, Plaintiff cites <u>Albemarle Corp. v. AstraZeneca UK Ltd.,</u> 628 F.3d 643 (4th Cir. 2010)

"When parties to a contract confer jurisdiction and venue on a particular court, as a general matter federal common law directs courts to favor enforcement of the agreement, so long as it is not unreasonable." <u>628 F.3d 643, 649.</u> Plaintiff has not shown the agreement is unreasonable, as the Plaintiff was dealing with a Tennessee law firm that stated in its engagement agreement that This Agreement is entered into, governed by, and construed in accordance with the laws of the State of Tennessee.[3]

## IV. Arbitration

The Arbitration clause contains mandatory language, "shall." The full clause reads, "This Agreement is entered into, governed by and construed in accordance with the laws of the State of Tennessee. Any and all disputes will be resolved in the State of Tennessee. The Firm and Client agree that any controversy or claim arising out of or relating to the Agreement or breach thereof shall be settled solely by arbitration in accordance with the Uniform Rules for Binding Arbitration in effect at the time of initiation of arbitration." If Phillips is a party to this litigation, the language is mandatory that any controversy or claim shall be settled solely by Arbitration. And in the Response, the plaintiff again talks about the need for discovery to see if he even has a case. Again, this violates the <u>Iqbal</u> and <u>Twombly</u> standards.

---

[3] See Section 7 of the Engagement agreement.

The 4th Circuit has taken a definitive approach to Arbitration clauses in contracts. The Court wrote in <u>Washington Square Sees., Inc. v. Aune,</u> 385 F.3d 432, 435-36 (4th Cir.2004) ("[A]mbiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration.") (quoting <u>Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.,</u> 489 U.S. 468, 475-76, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)). The Court further said:

While the intent of the parties is dispositive, such intent must be "generously construed as to issues of arbitrability." <u>Washington Square Sec, Inc., 385 F.3d at 436</u> (citation omitted).

## V. Conclusion

Phillips respectfully submits there is no claim against him that this Court may grant relief on. The Plaintiff simply makes no factual allegations that Phillips has done anything. Regardless, Phillips is and should be protected by the corporate veil doctrine.

If this were to be a case at all, clearly it would have to have been brought in Tennessee. 28 U.S.C. § 1391(b) dictates that the proper venue for an action would be in Tennessee and the forum selection clause reinforces this. The language of the forum selection clause is mandatory, not permissive.

If any action were to be brought in this matter, it would have to be in arbitration. The case law on arbitration clauses is explicit. The language of the arbitration clause is mandatory, not permissive.

Wherefore, Phillips respectfully requests. The relief sought in the motion to dismiss be granted.

Respectfully Submitted

*[signature]*

Judson Phillips
Pro Se
1113 Murfreesboro Rd #106-317
Franklin, TN 37064
Judson.Phillips.Litigation@gmail.com

Certificate of Service

I certify that a copy of this motion to dismiss was sent via email to Plaintiff's Attorney, who has consented to receive service in that manner, on January 5, 2021.

*[signature]*

Judson Phillips

14